UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

───────

| | |
|---|---|
| ANDREW LORN SHOURD, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:14-cv-00713 |
| v. ) | |
| ) | Honorable Phillip J. Green |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### **OPINION**

This is a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security denying plaintiff's application for disability insurance benefits (DIB). On August 4, 2011, plaintiff filed his application for benefits. (Page ID 176-78). Plaintiff claimed a November 1, 2009, onset of disability. (Page ID 176). Plaintiff's claim was denied on initial review. (Page ID 71-95). On October 1, 2012, plaintiff received a hearing before an administrative law judge (ALJ), at which he was represented by counsel. (Page ID 49-69). On March 6, 2013, the ALJ issued her decision finding that plaintiff was not disabled. (Page ID 36-44). On May 8, 2014, the Appeals Council denied review (Page ID 24-26), and the ALJ's decision became the Commissioner's final decision.[1]

───────

[1] Plaintiff was a California resident when most of the administrative record, including the medical evidence, was generated. (*See* Exhibits 1F- 17F, Page ID 271-500). He has a California driver's license, which does not expire until March 2016. (Page ID 456). Plaintiff apparently moved to Michigan sometime after the ALJ entered her decision. (Page ID 30, 161-62). He has represented to the Court under penalty of perjury that his residence is in Benton Harbor, Michigan. (Dkt. 1-3, Page ID 5). Thus, there is evidence that plaintiff was a Michigan resident when he filed his complaint and that this Court is the appropriate venue. *See* 42 U.S.C. § 405(g).

Plaintiff filed a complaint seeking judicial review of the Commissioner's decision. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties voluntarily consented to have a United States magistrate judge conduct all further proceedings in this case, including entry of final judgment. (Dkt. 10). Plaintiff asks the Court to overturn the Commissioner's decision on the following grounds:

1. The ALJ should have found that plaintiff's impairments met or equaled a listing.

2. The ALJ failed to satisfy the Commissioner's burden at Step 5 of sequential analysis.

3. A finding of disability with award of benefits is warranted on the entire administrative record as a whole.

(Statement of Issues, Plf. Brief at 5, Dkt. 11, Page ID 510). The Commissioner's decision will be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th

Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013)("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from November 1, 2009, through the date of the ALJ's decision. (Op. at 8, Page ID 43). Plaintiff had not engaged in substantial gainful activity on or after November 1, 2009. (*Id.*). Plaintiff had the following severe impairments: "degenerative arthritis, degenerative disc disease and status post laminectomy of the lumbar spine and foot conditions, including degenerative arthritis, congenital abnormality and persistent bunions[.]" (*Id.*). Plaintiff did not have an impairment or combination

of impairments which met or equaled the requirements of the listing of impairments. (*Id.* at 2, Page ID 37). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of sedentary work:

> The claimant has the residual functional capacity to lift and carry up to 10 pounds occasionally and less than 10 pounds frequently, to sit for 8 hours in an 8-hour workday and to stand and/or walk for 2 of 8 hours; as consistent with sedentary work. His capacity for a full range of sedentary work is limited in the following respects: he should use a cane for standing or walking, avoid use of foot controls, wal[k]ing on rough or uneven terrain, and climbing ropes, ladders or scaffolds, and can occasionally do other postural maneuvers.

(Op. at 8, Page ID 43). The ALJ found that plaintiff's testimony regarding his subjective functional limitations was not fully credible. (Op. at 3-7, Page ID 38-42). Plaintiff was not able to perform any past relevant work. (*Id.* at 8, Page ID 43). Plaintiff was 36 years old as of her alleged onset of disability and 39 years old as of the date of the ALJ's decision. Thus, at all times relevant to his claim for DIB benefits, plaintiff was classified as a younger individual. (*Id.* at 7, Page ID 42). Plaintiff is a high school graduate or more and is able to communicate in English. (*Id.*).

The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with his RFC, education, and work experience, the VE testified that there were approximately 13,635 jobs in the local economy that the hypothetical person would be capable of performing. (Page ID 64-66). The ALJ found that this constituted a significant number of jobs. Using Rule 202.21 of the Medical-Vocational Guidelines as a framework, the ALJ held that plaintiff was not disabled. (Op. at 7-9, Page ID 42-44).

**1.**

Plaintiff argues that the ALJ's finding that he did not meet or equal the requirements of listed impairments 1.02 and 1.04 is not supported by substantial evidence. (Plf. Brief at 9-11, Page ID

514-16). Listed impairments are impairments that are so severe that they render entitlement to benefits a "foregone conclusion." *Combs v. Commissioner*, 459 F.3d 640, 649 (6th Cir. 2006). A claimant must show that he satisfies all the individual requirements of a listing. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d at 125; *see also Smith-Johnson v. Commissioner*, 579 F. App'x 426, 432-44 (6th Cir. 2014); *Perschka v. Commissioner*, 411 F. App'x 781, 786-87 (6th Cir. 2010); *Berry v. Commissioner*, 34 F. App'x 202, 203 (6th Cir. 2002). "It is insufficient that a claimant comes close to satisfying the requirements of a listed impairment." *Elam*, 348 F.3d at 125.

The Listings "were designed to operate as a presumption of disability that makes further inquiry unnecessary" and, consequently, require a higher level of proof than the statutory standard for disability. *Sullivan v. Zebley*, 493 U.S. 521, 532-33 (1990). Thus, for a claimant to meet that heavy burden, he must show the impairment "meet[s] *all* of the specified medical criteria." *Id.* at 530 (emphasis in original).

> Listing 1.02 requires:
>
> 1.02 Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b; or
>
> B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02; *see Chappell v. Commissioner*, No. 1:14-cv-1005, 2015 WL 4065261, at * 4 (W.D. Mich. July 2, 2015).

Listing 1.04 requires:

1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours.

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04; *see Lawson v. Commissioner*, 192 F. App'x 521, 529-30 (6th Cir. 2006); *Porche v. Colvin*, No. 5:14-cv-423, 2015 WL 5162500, at * 3 (E.D. Ky. Sept. 1, 2015); *Simon v. Commissioner*, No. 1:06-cv-712, 2008 WL 68954, at * 3 (W.D. Mich. Jan. 4, 2008).

Dr. Duff, a medical expert, testified at plaintiff's hearing.[2] He testified that, in his opinion, plaintiff did not meet or equal the requirements of listing 1.02 or 1.04 because there was not a gross anatomical deformity of a joint and plaintiff's lower extremity pain was muscular in nature rather than radicular. (Page ID 57, 60-61). The ALJ found that plaintiff did not meet or equal the

---

[2]The hearing transcript indicates that Dr. Duff's first name was inaudible. (Page ID 52). Plaintiff and the ALJ refer to Dr. Duff as Dr. Puestow, without further explanation. Defendant utilizes the name as it appears in the hearing transcript. (Def. Brief at 8 n.2, Page ID 530). The Court finds that defendant's approach is logical and the medical expert will be referred to as Dr. Duff herein.

requirements of any listed impairment, including listings 1.02 and 1.04. (Op. at 2-3, Page ID 37-38). The only component of listings 1.02 and 1.04 that plaintiff addresses in his brief is an inability to ambulate effectively. (Plf. Brief at 10-11, Page ID 515-16). This is fatal to plaintiff's claim on appeal because it is his burden at step 3 of the sequential analysis to prove that he met or equaled *all* the requirements of a listed impairment.[3] *See Elam ex rel. Golay v. Commissioner*, 348 F.3d at 125. The ALJ's finding that plaintiff did not meet or equal the requirements of any listed impairment, including listings 1.02 and 1.04, is supported by substantial evidence.

**2.**

Plaintiff argues that the ALJ failed to satisfy the Commissioner's burden at Step 5 of sequential analysis. (Plf. Brief at 11-14, Page ID 516-19). Plaintiff's argument that the ALJ's decision at step 5 is not supported by substantial evidence because the ALJ should have found that he was disabled at step 3 (Plf. Brief at 11, Page ID 516) adds nothing and it is rejected for the reasons stated in section 1 of this opinion. Plaintiff's one-sentence argument that the "ALJ gave her reasons for rejecting medical evidence on disability, but those reasons are contradicted by the medical evidence in the administrative record as a whole," is perfunctory and supported by no legal authority. The issue is deemed waived. " 'Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.' " *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)); *see United States v. Elder*, 90 F.3d 1110, 1118 (6th

---

[3]Plaintiff's need to avoid walking on rough or uneven terrain was adequately taken into account in the ALJ's factual finding regarding plaintiff's RFC. (Op. at 8, Page ID 43).

Cir. 1996); *accord Curler v. Commissioner*, 561 F. App'x 464, 475 (6th Cir. 2014) ("[Plaintiff develops no argument to support a remand, and thus the request is waived.").

Plaintiff states that the ALJ's factual finding regarding his credibility is not "supported by substantial evidence of the record as a whole."  Plaintiff states a conclusion rather than developing this argument.  (Plf. Brief at 12, Page ID 517).   The issue is deemed waived.

Even assuming this issue had not been waived, it would not provide a basis for disturbing the Commissioner's decision.  Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ.  *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987).  The Court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528.  The Court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005).  The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard.  This is a "highly deferential standard of review."  *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir.  2012).  "Claimants challenging the ALJ's credibility determination face an uphill battle."  *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005); *see Ritchie v. Commissioner*, 540 F. App'x 508, 511 (6th Cir. 2013) ("We have held that an administrative law judge's credibility findings are 'virtually unchallengeable.'").  The Court finds that the ALJ gave an adequate explanation of her factual finding regarding plaintiff's credibility and that her finding is supported by substantial evidence.

Plaintiff's argument that the ALJ "wrongfully relied on Appendix 2 Medical Vocational Rule[] 201.21 to deny benefits" is patently meritless. The Medical-Vocational Guidelines were used

only as a framework and the ALJ relied on the VE's testimony. (Op. at 7-8, Page ID 42-43). This was entirely appropriate. *See Burton v. Secretary of Health & Human Servs.*, 893 F.2d 821, 822 (6th Cir. 1990); *see also Anthony v. Astrue*, 266 F. App'x 451, 461 (6th Cir. 2008); *Baumbach v. Commissioner*, No. 1:13-cv-851, 2015 WL 139714, at * 9 (W.D. Mich. Jan. 12, 2015).

Plaintiff's challenge to the adequacy of the hypothetical question posed to the VE is a mere reformulation of his unsuccessful challenge to the ALJ's credibility determination. The ALJ found that plaintiff's subjective complaints were not fully credible. A hypothetical question to a VE need not include unsubstantiated limitations. *See Keeton v. Commissioner*, 538 F. App'x 515, 533 (6th Cir. 2014); *Carrelli v. Commissioner*, 390 F. App'x 429, 438 (6th Cir. 2010); *Gant v. Commissioner*, 372 F. App'x 582, 585 (6th Cir. 2010) ("[I]n formulating a hypothetical question, an ALJ is only required to incorporate those limitations which [s]he has deemed credible."). The ALJ's hypothetical question included all the limitations she found to be credible.

**3.**

Plaintiff asks the Court to order the Commissioner to award DIB benefits. (Plf. Brief 14, Page ID 519). "[T]he court can reverse the [Commissioner's] decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *See Faucher v. Secretary of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id.*; *see Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Here, the Commissioner's decision denying plaintiff's application for DIB benefits is being affirmed. The Court is not ordering the Commissioner to take any further action with regard to this claim.

## **Conclusion**

For the reasons set forth herein, a judgment will be entered affirming the Commissioner's decision.


Dated:   September 20, 2015                                    /s/  Phillip J. Green
                                                               United States Magistrate Judge